UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-80226-CIV-MIDDLEBROOKS/JOHNSON

MICHIGAN PAYTEL, INC.,

    Plaintiff,

v.

VOICEWARE SYSTEMS, INC. and
BRIAN BETRON
    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court upon the parties' cross motions for summary judgment (DE 34 and 35), both filed on September 4, 2007. I have reviewed the record and am fully advised in the premises.

**I. Background**

This is an action arising out of a contract that the parties entered into in December of 2004. Plaintiff purchased from Defendants a prepaid collect-calling system to install in Michigan jails for the use of inmates. Because the contract contained an integration and forum selection clause, the case was transferred from the Eastern District of Michigan to the Southern District of Florida.

Plaintiff's Complaint alleges four Counts: (1) breach of contract; (2) breach of implied warranty of fitness of for a particular purpose; (3) fraud; and (4) negligent and innocent misrepresentation. In its Motion for Partial Summary Judgment, Plaintiff moves for summary

1

judgment on Count I, the breach of contract claim. In its cross Motion for Partial Summary Judgment, Defendants move for summary judgment on the remaining three Counts.

**II. Facts**

The undisputed facts in this case are scarce and difficult to discern. In support of its Motion for Partial Summary Judgment, Plaintiff filed a statement of Uncontested Facts (DE 36). As required by Local Rule 7.5(B), in their response to the summary judgment motion, Defendants gave a concise statement of the material facts which they contend are in dispute. The two facts which they contend are in dispute are: (1) whether Defendants materially breached the contract; and (2) whether Plaintiff in fact relied on any oral representations by Defendant Brian Betron in its decision to enter into a contract with Defendants. The former "fact" appears to be a legal question, as opposed to a material fact. It is unclear which specific facts Defendants dispute, though it appears from other places in the record that Defendants dispute most of Plaintiffs' Uncontested Facts. Interestingly, in support of their own Motion for Partial Summary Judgment, Defendants state only three undisputed facts. These three facts are: (1) On or about Decemeber17, 2004, the parties entered into a contract, by way of a "Purchase Order and Agreement." The purpose of the contract was for Defendants to develop and install computer hardware and software (a Telephony Services Platform or "TSP") for Plaintiff; (2) The total TSP purchase price between the parties was $119,459.00; and (3) Of the total TSP purchase price between the parties, Plaintiff has paid to Defendants $93,400.00. Likewise in the parties' Joint Pretrial Stipulation (DE 55), the parties only agree on three more uncontested facts, one of which is that the parties entered into the Purchase Order and Agreement in December of 2004. The

2

other two uncontested facts in the Joint Pretrial Stipulation are that the contract was drafted by Defendant Voiceware, not the Plaintiff, and that the parties entered into an addendum to the contract on or about August 31, 2005.

Thus, from an independent review of the record, I have culled a brief description of what appears to the Court to be the salient uncontested facts in this case. On December 17, 2007, Defendant Betron, as a representative of Defendant Voiceware Systems (VS), met with two representatives from Plaintiff Michigan Paytel, Mr. Ramy Sesi and Douglas Saroki. Mr. Sesi is the vice president of Michigan Paytel. Mr. Saroki is the president of Michigan Paytel. The parties signed a contract entitled "Purchase Order and Agreement." This contract was drafted by Defendant VS. The contract states that the Customer agrees to purchase from VS "those items identified on Exhibit 1." Exhibit 1 contains a description of the TSP. The total purchase price for the TSP is around $119,000.00, which was to be paid in three initial installments of $35,700.00 and one final installment upon completion for $11,900.00. The contract also contains the following statements: (1) "VS will deliver or cause to be delivered a fully operational system that contains Customer's customer data, rates, costs, and route table"; (2) "Voiceware Systems guarantees, less expenses, that its TSP product will perform as stated"; and (3) "Total purchase price includes installation anywhere in North America, airfare, with one-year technical support and one year warranty on all hardware, upgrades of software the first year, Billing software, a 90 day performance guarantee and a 19 year old company with a proven turnkey application!"

Plaintiff paid only $93,400.00 of the total contract price. Defendant delivered the TSP, but the TSP did not perform to Plaintiff's satisfaction. Plaintiff complained to Defendants about

various problems.  Richard Wong, Michigan Paytel's Director of Technology, was in touch with Mr. Betron about these problems.  Eventually Plaintiff decided to purchase another product from a different vendor at a cost of $140,871.00.  Plaintiff filed this action on October 26, 2006, in the Eastern District of Michigan.

**III. Analysis**

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *See*  Fed. R. Civ. P . 56(c); *Celotex Corp. v. Catrett* , 477 U.S. 317, 322 (1986).  The moving party bears the burden of meeting this exacting standard.  *See Adickes v. S.H. Kress & Co.* , 398 U.S. 144, 157 (1970).  In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party.  *See Arrington v. Cobb County* , 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.* , 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.* , 477 U.S. 242, 252 (1986).  Further, conclusory, uncorroborated allegations by a party in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment. *See Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990).

4

**A. Breach of contract**

Plaintiff's argument that it is entitled to summary judgment as to its breach of contract claim is without merit as there are material factual disputes underlying whether or not the contract was breached. Plaintiff correctly states the requirements for a breach of contract claim under Florida law, (1) a valid contract, (2) material breach, and (3) damage. *Cibran Enterprises v. BP Products N. Am. Ins.*, 365 F.Supp.2d 1241 (S.D. Fla. 2005). Plaintiff argues that there is no genuine issue of material fact on these three prongs and that it is entitled to judgment as a matter of law on this claim.[1]

Despite Plaintiffs' contention, the facts with regard to the material breach prong are highly disputed. Plaintiff argues that even though the contract said the TSP would be "fully operational" upon delivery and performance was guaranteed within 90 days, the TSP was never fully operational and repeatedly malfunctioned. Saroki Aff. at 21-22; Sesi Aff. at 21-22; Wong Aff. at 12-15. Defendants, on the other hand, contend that the TSP system worked most of the time, and that VS was aware of the problems and was attempting to correct them. Betron Dep. at p.181-82. As stated above, conclusory, uncorroborated allegations by a party in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion. *See Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). While Defendants' reliance solely on Mr. Betron's Deposition ordinarily would not be enough to

---

[1] Plaintiff also argues that the Court should consider oral statements that Mr. Betron allegedly made to induce Plaintiff into entering into the contract, as well as make a determination that the corporate veil should be pierced and Mr. Betron held individually liable for the breach of contract. I decline to address these arguments as summary judgment on this claim is not appropriate.

defeat Plaintiff's summary judgment motion, Plaintiff's summary judgment motion is not well supported. In fact, Plaintiff's motion is based almost entirely on the affidavits of three of its employees. Affidavits alone usually do not provide a good enough basis for deciding contested factual issues at the summary judgment stage. *See Owens v. U.S.,* 551 F.2d 1053, 1053 (5th Cir. 1977) (*citing Aulds v. Foster,* 484 F.2d 945, 946 (5th Cir. 1973)). As Plaintiff has not met its burden of establishing that there are no genuine issues of material fact, summary judgment is not appropriate here.

Moreover, summary judgment is not appropriate in breach of contract actions where the relevant contractual language is ambiguous. *See W. Group Nurseries, Inc. v. Ergas,* 167 F.3d 1354, 1360 (11th Cir. 1999). Because it is unclear from the plain language of the contract how the "fully operational" provision interacts with other provisions in the contract, in particular the warranty provision, I find that it is ambiguous and not appropriate for summary judgment.

**B. Breach of Implied Warranty of Fitness for a Particular Purpose**

In their Summary Judgment Motion, Defendants argue that they are entitled to summary judgment on Count II of Plaintiff's Complaint which alleges that Defendants breached their implied warranty of fitness for a particular purpose. In support of this argument, Defendants point to the Michigan statute for implied warranty of fitness for particular purpose. This statute states that "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose." MCL

6

440.2315. The "next section" refers to MCL 440.2316 which allows a seller to disclaim express and implied warranties under certain circumstances, including when the seller uses "language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty."[2]  In other words, Michigan's law imposes an implied warranty of fitness for a particular purpose, but allows the implied warranty to be disclaimed by the seller.

In this case, Defendants argue that the contract that they entered into with Plaintiff contains the necessary statutory language, disclaiming all implied warranties, including the implied warranty of fitness for a particular purpose.  The exact language in the contract is the following:

> 15. Limited Warranty: VS DISCLAIMS AND MAKES NO GUARANTEES AND/OR WARRANTIES OF ANY KIND OR NATURE, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION, IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR AND/OR INTENDED PURPOSE, except as otherwise provided hereafter, whether in contract and/or in tort.  VS makes only the following warranties: (1) Warranty of title of those items described on Exhibit 1 and that such items are free and clear of all liens or encumbrances; (2) Warranty that the items described on Exhibit 1 shall conform to the representations contained therein and none other upon the completion date; and (3) Warranty that the Equipment and software described in Exhibit 1 hereof will be free of defects in material and workmanship for a period of one (1) year from the date of delivery and during this one (1) year warranty period, VS or the manufacturer thereof, will make, without additional charges, all necessary adjustments, repairs, and parts replacements, if any in a reasonable manner and in a reasonable period of time upon written notice to VS...

---

[2]Although the parties do not dispute which state's law should govern on this Count, the Court independently notes that Florida Law is virtually identical to Michigan law, imposing the same implied warranty of fitness for a particular purpose and also allowing it to be disclaimed by the seller in the same circumstances.  *See* Fla. Stat. § 672.315 and 672.316.  The Court assumes that the parties are relying on Michigan law here because Plaintiff referred to the Michigan statute in its Complaint.  Either way, the law is the same.

7

In response, Plaintiff appears to be arguing that paragraph 15 of the contract is ambiguous because Defendants also make several express warranties directly after disclaiming the implied warranty. Plaintiff also appears to be arguing that paragraph 15 is ambiguous because certain phrases within it such as a "reasonable period of time" are ambiguous. The Court does not understand how these arguments impact the ambiguity of the implied warranty disclaimer. Lastly, Plaintiff argues that Defendants knew about Plaintiff's particular purpose. However, it does not matter whether Defendants knew of Plaintiffs particular purpose if they explicitly disclaimed the implied warranty. The disclaimer, if valid, is a complete bar on Plaintiff's ability to bring this claim. When a contract is susceptible to only one reasonable interpretation, summary judgment is appropriate. *Wholesale Telecom Corp. V. ITC Deltacom Communications,* 176 Fed. Appx. 76, 79 (11th Cir. 2006). Here the only reasonable interpretation is that Defendants disclaimed the implied warranty of fitness for a particular purpose in compliance with the statute. As neither party disputes the validity of the disclaimer and there appears to be no genuine issue of material fact, summary judgment in Defendants favor on this Count is appropriate.

**C. Fraud**

In their Summary Judgment Motion, Defendants also argue that they are entitled to summary judgment on Count III of Plaintiff's Complaint which alleges that Defendants committed fraud on Plaintiff. In order to establish a *prima facie* case of fraud, a plaintiff must demonstrate that "(1) the defendant made a false representation of past or present fact, (2) the defendant knew the statement was false, (3) the statement was made for the purpose of inducing the

8

plaintiff to rely on it, and (4) the plaintiff's reliance was reasonable." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) (citations omitted). "Ordinarily, the issue of fraud is not a proper subject of a summary judgment. Fraud is a subtle thing, requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud." *Auto. Sales, Inc. v. Federated Mut. Implement & Hardware Ins. Co.,* 256 So.2d 386, 386 (Fla. 3d DCA 1972).

Plaintiff's Complaint alleges that the Defendants intentionally and knowingly misrepresented their capabilities to the Plaintiff and that Plaintiff relied on those misrepresentations to its detriment. These allegations are repeated in the Affidavits of Mr. Sesi and Mr. Saroki. Defendants, in their summary judgment motion, argue that Plaintiff does not have enough evidence to prove its fraud claim and that as a matter of law, it should fail. However, Defendants are not able to meet their initial burden of showing that there are no genuine issues of material fact. For example, Mr. Sesi and Mr. Saroki claim in their affidavits that Mr. Betron made various oral representations, including the fact that the TSP product was guaranteed to work and not to worry about the forum selection clause in the agreement, and that he read the 90 day performance guarantee clause out loud. *See* Sesi Aff. at 8-13; Saroki Aff. at 8-13. In Defendant Betron's deposition, Mr. Betron claimed that he did not recall if he guaranteed that the TSP would work or had read the clause out loud. Betron Dep. at p. 156-59. Mr. Betron repeatedly states throughout his deposition that he does not recall when asked about the conversations that took place between himself and Mr. Sesi and Mr. Saroki. Because Mr. Betron was unwilling to respond to questions about what happened during those conversations, it would be improper to conclude that there are no genuine issues of material fact. Summary

judgment in Defendants' favor on this Count is not appropriate.

**D. Negligent Misrepresentation**[3]

In their Summary Judgment Motion, Defendants final argument is that they are entitled to summary judgment on Count III of Plaintiff's Complaint which alleges that Defendants made negligent misrepresentations to Plaintiff. In Florida, a plaintiff may establish negligent misrepresentation by proving "(1) [a] misrepresentation of a material fact; (2) the representor ... ma[d]e the representation without knowledge as to its truth or falsity, or ... under circumstances in which he ought to have known of its falsity; (3) the representor ... intend[ed] that the misrepresentation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation." *Souran v. Travelers Ins. Co.,* 982 F.2d 1497, 1503 (11th Cir. 1993) (*quoting Hoon v. Pate Constr. Co., Inc.,* 607 So.2d 423, 427 (Fla. Dist. Ct. App. 1985)).

Once again, Defendants are not able to meet their initial burden of showing that there are no genuine issues of material fact. Defendants argue that Plaintiff's claim for Negligent Misrepresentation "must fail as the record evidence is clear that such representations were both made and acted upon by Defendants with every intention of VS performing its obligations." Def.

---

[3]Plaintiff also alleges innocent misrepresentation. Under Michigan law, a seller can be liable for constructive fraud based an innocent misrepresentation. *See U.S. Fibres, Inc. v. Proctor & Schwartz, Inc.,* 358 F.Supp. 467, 480 (D.C. Mich. 1973); *Aldrich v. Scribner,* 117 N.W. 581 (Mi. 1908). Florida law does not appear to have this cause of action. At this point I will not foreclose the possibility of Plaintiff bringing this claim, but it requires further explanation from the parties as to why Michigan law should be applied here and not elsewhere.

Summary Judgment, p.11. However, in support of this claim that the record evidence is clear, Defendants inadvertently reveal how disputed the facts are. Specifically, Defendants point out that Mr. Wong's Affidavit implies that the Defendants never responded to Plaintiff's reports of problems with the TSP and never attempted to correct these problems. Wong Aff. at 16. Defendants then state that based on Defendant Betron's Deposition it is clear that Defendants were assisting Plaintiff with the problems and attempting to make the system fully operational. Rather than proving that the record evidence is clear, Defendants have highlighted that there are genuine issues of material fact in dispute about what the Defendants' actions and intentions were. Like summary judgment on the fraud Count, Summary judgment in Defendants' favor on this Count would also not be appropriate.

**IV. Conclusion**

Plaintiff failed to meet is burden of showing that there were no genuine issues of material fact on the breach of contract Count, and as a result, its Motion for Partial Summary Judgment will not be granted. Defendants also failed to meet their burden of showing that there were no genuine issues of material fact on the fraud and negligent misrepresentation Counts. Defendants were, however, able to show that summary judgment should be granted on Count II of the Complaint which alleges a breach of the implied warranty of fitness for a particular purpose. Because the contract unambiguously disclaims Plaintiff's ability to bring such a claim, this portion of the Defendants' summary judgment motion should be granted.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment

(DE 35) is DENIED. It is further

ORDERED AND ADJUDGED that Defendants' Motion for Partial Summary Judgment (DE 34) is GRANTED IN PART and DENIED IN PART. Summary judgment is granted with respect to Count II of Plaintiff's Complaint in favor of Defendants. Summary judgment is denied with respect to Counts III and IV of Plaintiff's Complaint in favor of Plaintiff.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 2nd day of November, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record